# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JACOB BEHYMER-SMITH, ) | 3:06-CV-0206-BES(RAM) |
| Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| CORAL ACADEMY OF SCIENCE, ) | |
| ) | |
| Defendant. ) | |

Before the court is Plaintiff's Motion for Attorney's Fees and Costs Pursuant to 42 U.S.C. § 1988 (Doc. #18-1). Defendant opposed the motion (Doc. #20-1) and Plaintiff replied (Doc. #22-1). Plaintiff also filed two errata. (Docs. #23, 26).

## BACKGROUND

The dispute giving rise to this litigation arose when Defendant Coral Academy of Science forbade Plaintiff Jacob Behymer-Smith from reciting a W.H. Auden poem, *The More Loving One*, at a state-wide poetry competition. (Doc. #18-1). The poem contains the words "damn" and "hell" and Defendant argued that this prohibition was justified under the school's policy against student use of profanity. (*Id.*) Plaintiff brought suit on April 11, 2006, seeking to protect his rights under the First Amendment. (*Id.*) The court granted Plaintiff's Emergency Motion for a Temporary Restraining Order on April 13, 2006, thereby enabling Plaintiff to recite the poem as planned at the competition on April 22, 2006. (*Id.*)

Plaintiff now brings this Motion for Attorney's Fees and Costs.

///

///

**DISCUSSION**

Under 42 U.S.C. § 1988 a prevailing party may be awarded attorney's fees as costs. A party "prevails" where "actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Fischer v. SJB-P.D.*, 214 F.3d 1115, 1118 (9th Cir. 2000). Attorney's fees are awarded unless special circumstances are present. *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400 (1989). Under Ninth Circuit law, two factors must be examined in determining whether special circumstances justifying the denial of attorney's fees are present: "(1) whether allowing attorney's fees would further the purposes of § 1988, and (2) whether the balance of the equities favors or disfavors the denial of fees." *Gilbrook v. City of Westminster*, 177 F.3d 839, 878 (9th Cir. 1999). In reality, such special circumstance are almost never present. The Ninth Circuit makes clear that the special circumstances exception is a narrow one. *Ackerley v. Portland*, 752 F.2d 1394, 1396 (9th Cir. 1985) ("fee awards should be the rule rather than the exception.").

Here, the Defendant argues that this case presents special circumstances justifying denial of attorney's fees, in part based upon Defendant's argument that this case is of little public or general import. (Doc. # 20-1). Defendant's support for this argument consists of the assertion that "there have been no social or legal issues resolved" and that "the case will not have any effect outside the parties." (Doc. #20-1). These arguments are not enough to overcome the policy considerations that animate section 1988. Section 1988 serves to both "eliminate financial barriers to the vindication of constitutional rights *and to stimulate voluntary compliance with the law.*" *Ackerley,* 752 F.2d at 1397 (emphasis in the original). Awards of attorney's fees under section 1988 are not limited to situations where the question of law was a novel one. Defendant's argument implies that the defense of First Amendment rights is not an important "social ... issue." (Doc. #20-1). In fact, it is precisely because defense of civil rights, such as First Amendment rights, is an important social issue that attorney fee awards are permitted. While the animus for this litigation, the poetry contest, has since passed, that does not negate the public or general import of this case. Plaintiff's vindication of his first amendment rights in this case may very well motivate Defendant (and possibly other state actors) to be more careful

not to infringe on student's First Amendment rights in the future. "Section 1988 was enacted for the very purpose of influencing governmental entities to make thoughtful efforts to avoid civil rights violations." *Id.* at 1398. In addition, like the plaintiff in *Ackerley*, the fact that Plaintiff is the primary beneficiary of the outcome of the case does not weigh against an award of attorney fees. *Ackerley*, 752 F.2d at 1397 (where the fact that the outcome (invalidation of an ordinance) primarily benefitted the plaintiff did not mitigate against awarding attorney's fees to the plaintiff.).

Defendant also argues that litigation should have been avoided and that as such, no award should be given in this case. (Doc. #20-1). Defendant claims that Plaintiff could have achieved his objective of reciting the poem without this lawsuit and that Defendant never had a chance to raise a "white flag" before being "dragged into court." (Doc. #20-1). The court finds these assertions disingenuous. Defendant Coral Academy could have reconsidered its prohibition of the poem at any time, including after the action was filed on April 11, 2006. Instead, it issued a press release of sorts to Channel 4 News that included several citations to Supreme Court precedent. (Doc. #22-2). The press release makes clear that Defendant did not intend to back down. Further, it appears that Plaintiff's counsel contacted both Defendant's counsel and Coral Academy administrators and that no mention of concession was made. (Doc. #22-1). Conversations between Plaintiff's counsel and Defendant's counsel were similarly unfruitful. (*Id.*) Plaintiff was faced with an emergency situation, given the approaching poetry competition and the need for him to commit his chosen poems to memory. (Doc. #18-1). Given the time sensitivity of the matter and the apparent unwillingness of the Defendant to change its position without legal action, the court cannot find the Plaintiff blameworthy for not engaging Defendant in a more lengthy negotiation process before pursuing the TRO. Moreover, such negotiations are in no way required by 42 U.S.C. § 1983.

Defendant's other arguments lack merit.[1]

---

[1] Defendant's other arguments are that (1) fees of more than $39,000 are disproportionately high as compared with the average-median household income in the United States of $44,473; (2) lawyer's have a duty to perform services for the public at no charge and that Plaintiff's counsel has already been well compensated by publicity from the case, by the personal satisfaction of victory, by the benefit to her resume, and by the "incalculable benefit" of "a friend" in her client; and (3) Defendant has no ability to pay. (Doc. #20-1).

3

Although the Defendant did not object to the amount or the method of calculating the fees, the court has reviewed the hours spent and the hourly rate charged and finds both to be reasonable.

In conclusion, the court finds that there is "a complete absence of any showing of special circumstances to render [the award of an attorney's fee] unjust." *Ackerley*, 752 F.2d at 1398 (quoting *Universal Amusement Co. V. Hofheinz*, 646 F.2d 996, 205 (5th Cir. 1981).

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Attorney's Fees and Costs Pursuant to 42 U.S.C. § 1988 (Doc. #18-1) is **GRANTED**.  Attorney's fees should be awarded in the amount of $18,112.50 to Terri Keyser-Cooper and $20,513.50 to Diane K. Vaillancourt.  Further, the Defendants should also reimburse the Plaintiff's for $566.00 of costs.

DATED:   October 19, 2006.

_____
UNITED STATES MAGISTRATE JUDGE